Opinion issued October 2, 2003















In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-03-00044-CR

____________


THEODORA GONZALEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 56th Judicial District Court

Galveston County, Texas

Trial Court Cause No. 00CR0021






MEMORANDUM OPINION

 After the trial court denied his motion to suppress, appellant Theodora
Gonzalez pleaded guilty to the offense of possession of more than four grams, but less
than 200 grams of cocaine. The trial court found appellant guilty and assessed
punishment at six years' community supervision. In his sole point of error, appellant
complains that the trial court erred in denying the motion to suppress because the
evidence against him was the product of an illegal search. 

 We affirm.

BACKGROUND

 On January 3, 2002, at approximately 2:30 p.m., appellant was taking a shower
in his two-bedroom trailer when Sergeant Jack Allen of the Galveston County
Sheriff's Department knocked at his door. Sergeant Allen had received at least one
telephone complaint that appellant was selling cocaine from his trailer. Without a
search warrant, Sergeant Allen arrived at appellant's home with several other officers
to conduct a "knock and talk," an investigative procedure, in which the officers knock
on the door, identify themselves, and speak with whoever appears at the door.

 After several minutes, appellant left the shower and, still wet and wrapped only
in a towel, answered the door. Appellant testified that, at first, he saw nothing when
he opened the door, but he then saw the "shadow of a gun" and Sergeant Allen
approaching from the side of the trailer. (1) Sergeant Allen, however, testified that he
stood in front of the trailer door, at the bottom of the steps where he could be seen
from the doorway. Officer Byron Franklin, Allen's supervisor, stood behind him, and
four other officers were posted at the four corners of the trailer. 

 Sergeant Allen identified himself as a member of the Galveston County
Narcotics Task Force; all the members of the unit were armed and wearing blue
jackets with "Police" or "Drug Task Force" on them. Allen announced to appellant,
"I need to talk to you." Appellant motioned Sergeant Allen inside and verbally
replied that he could come in. According to appellant, five or six other officers then
followed Allen into the trailer. Officer Byron Franklin, however, testified that the
other officers did not enter until several minutes later. Once inside, Allen explained
to appellant that there had been calls complaining that appellant had been selling
cocaine out of the trailer. Then, at Sergeant Allen's suggestion and in his presence,
appellant dried off and dressed in his bedroom. 

 Appellant denied selling cocaine. Sergeant Allen requested appellant's consent
to search the trailer, explaining that he could then assure those making complaints
that he had checked things out and the complaints were not true. As appellant was
sitting on his bed, one of the officers retrieved a written consent-to-search form. 
Sergeant Allen completed the consent form, explaining it to appellant, including the
fact that appellant had the right to refuse to sign. The form was then handed to
appellant, who signed the form. Appellant testified that he was capable of reading the
form, including the recital that he had the right to refuse to consent to the search and
the right to refuse to sign the form. Appellant also acknowledged the recital in the
consent form that "no promises, threats, or mental coercion of any kind whatsoever"
had been used to obtain his consent to the search. 

 After appellant signed the consent form, officers searched the trailer and found
cocaine. Appellant was then placed under arrest. Appellant filed a motion to
suppress the evidence obtained from the search. That motion was denied, and
appellant subsequently pleaded guilty to the charge of possession of cocaine pursuant
to a plea bargain negotiated with the State. Appellant timely filed a notice of appeal
from the denial of his motion to suppress. 

CONSENT TO SEARCH

 In his sole point of error, appellant contends that the trial court erred in denying
his motion to suppress evidence because his consent to the search was involuntarily
obtained.

 In a suppression hearing, the trial court is the sole judge of the credibility of the
witnesses and the weight to be given to their testimony. Allridge v. State, 850 S.W.2d
471, 492 (Tex. Crim. App. 1991); Taylor v. State, 945 S.W.2d 295, 297 (Tex.
App.-Houston [1st Dist.] 1997, pet. ref'd). The trial judge may accept or reject any
or all of the witnesses' testimony. Johnson v. State, 803 S.W.2d 272, 287 (Tex. Crim.
App. 1990). 

 In reviewing a trial court's ruling on a motion to suppress evidence, appellate
courts apply a bifurcated standard of review, giving "almost total deference to a trial
court's determination of historic facts" and reviewing de novo the court's application
of the law of search and seizure. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.
Crim. App. 2000) (citing Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App.
1997)). When, as here, the trial court did not make explicit findings of historical
fact, the evidence is reviewed in a light most favorable to the trial court's ruling. 
Carmouche, 10 S.W.3d at 327-28. In other words, the appellate court will assume
that the trial court made implicit findings of fact supported in the record that buttress
its conclusion. Id. 

 When relying on consent to justify the lawfulness of a search, the State has the
burden to prove by clear and convincing evidence that the appellant's consent was
freely given. Id. at 331. This burden requires the prosecution to show the consent
was positive and unequivocal, and there was no duress or coercion. Id. Whether
consent was voluntary is a question of fact to be determined from all of the
circumstances. Id. 

 Appellant cites two cases finding involuntary consent, but these decisions are
distinguishable from the present case. In Carmouche v. State, the defendant was
arrested for possession of a controlled substance after being frisked by an officer on
a traffic stop. Id. at 326. After receiving a tip from an informant that defendant was
transporting cocaine, four officers stopped defendant for a traffic violation. Id. at 
326-27. After frisking defendant for weapons and obtaining permission to search the
vehicle, the officers found nothing. Id. at 327. They decided to frisk defendant again. 
Id. The four officers surrounded defendant on the side of the darkened highway,
backed him against the hood of his car, and told him to turn around and put his hands
on the car. Id. After defendant complied, the searching officer, as he reached for
defendant's pants, asked, "Mind if I pat you down again?" Id. Without waiting for
a response, the officer patted defendant's crotch area and found cocaine. Id. The
Court of Criminal Appeals held that, given the totality of these circumstances,
defendant's consent to search was not given voluntarily. Id. at 332.

 We conclude Carmouche is inapplicable to appellant's situation. The officers
in Carmouche did not explain to the defendant that he had the right to refuse to
consent to the search, and proceeded to frisk him again without affirmatively
obtaining his consent. In this case, Sergeant Allen fully explained the consent to
search form to appellant, including his right to refuse, gave him the form, and waited
for him to sign it before beginning the search. 

 Appellant also points to State v. Daly, 35 S.W.3d 237 (Tex. App.--Austin
2000, no pet.). In Daly, the defendant was stopped for failure to signal a turn by an
officer who identified himself as "State narcotics," and was driving a vehicle bearing
the words "narcotics enforcement team," with his trained narcotics-sniffing dog in the
vehicle. 35 S.W.3d at 239-40. The legal justification for the stop, the court held,
ended with the issuance of a warning ticket. Id. at 241-42. The officer did not tell
the defendant he was free to go, but rather asked the defendant if he would answer a
few questions, even as he was handing the ticket to him. Id. at 240. Eventually, the
officer received consent to search the vehicle, and discovered marihuana and arrested
defendant. Id. at 240-41. The Court of Appeals held that, under the circumstances,
the consent to the questioning and the search of the vehicle was involuntary because
a reasonable person would have believed that his detention continued and that
compliance with the officer's request was required. Id. at 242-43.

 Appellant argues that a reasonable person in his circumstances would not have
understood that he had the right to withhold consent to search. This argument,
however, conflicts with the evidence in the record. Unlike the defendant in Daly,
appellant admits that Sergeant Allen explained the consent form to him, including his
right to refuse to give consent to search, and appellant could read the recital on the
form to the same effect. Thus, Daly does not support appellate's contentions.

 Given the totality of the circumstances, the State met its burden to show by
clear and convincing evidence that appellant's consent to search was voluntarily
given. Appellant acknowledges voluntarily inviting the officers into his trailer. 
Appellant reports being afraid, but admits that the officers never pointed a weapon
at him, never threatened him, and never promised him anything in return for his
consent. Appellant further admits that Sergeant Allen explained the consent form to
him, including his right to refuse to give consent. Finally, appellant concedes that he
could read the consent form, including the recital regarding his right to refuse consent
and the recital stating that he had not been threatened, coerced, or promised anything,
and admits that he knowingly signed that consent form. 

 Although appellant may have felt afraid or uncomfortable, there is nothing in
the record to support his claim that his consent was involuntarily obtained. "[W]hile
most confrontations with the police are uncomfortable-given the implicit difficulty
in refusing any request from a peace officer who stands cloaked in the authority of
law enforcement-'the Constitution does not guarantee freedom from discomfort.'"
Carmouche, at 333 (quoting State v. Velasuquez, 994 S.W.2d 676, 679 (Tex. Crim.
App. 1999)). We overrule appellant's sole point of error.

CONCLUSION

 We affirm the judgment of the trial court. 

 


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Do not publish. See Tex. R. App. P. 47.2(b).
1. In court testimony, appellant indicated that he was afraid, but acknowledged that
no officer pointed a weapon at him.